# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM COX, | Case No. 1:16-cv0306-BAM |
| Plaintiff, | ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff William Cox ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act.[1]  The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.  Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards.  Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1]     Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 7, 11).

1

## **BACKGROUND**

2

On January 24, 2013, Plaintiff filed his current application for DIB, alleging disability

3 beginning February 1, 2009.   AR 9.[2]   Plaintiff's application was denied initially and on

4 reconsideration. AR 90-97, 102-114.   Subsequently, Plaintiff requested a hearing before an ALJ.

5 ALJ Daniel G. Heely held a hearing on February 9, 2015, and issued an order denying benefits on

6 August 19, 2015.  AR 10-20.  The ALJ's decision became the final decision of the Commissioner of

7 Social Security when the Appeals Council denied Plaintiff's request for review. AR 1-3.  This appeal

8 followed.

9 ### **Plaintiff's Testimony**

At the administrative hearing held in Stockton, California, Plaintiff appeared and testified

10

11 with the help of an attorney, and the ALJ sought testimony from vocational expert ("VE") Valerie

12 Williams. AR 21.

The ALJ first questioned Plaintiff about his previous employment. Based on Plaintiff's

13

14 earning records, the ALJ noted that Plaintiff last worked in 2009.  AR 24.  When asked whether

15 Plaintiff could resume working, Plaintiff testified that he was not sure whether he could perform full-

16 time work. AR 24.

17 With respect to his impairments, Plaintiff primarily complains of numbness on the bottom of

his right foot for which Plaintiff wears a walking cast. AR 25-27. Plaintiff had surgery on his ankle

18

19 in 1993. AR 25. Due to nerve damage, Plaintiff experiences constant pain in his foot and takes

20 medication for the related neuropathy.  AR 26, 32.  Plaintiff also uses a cane to ambulate due to

21 problems in his knees and his foot. AR 26, 30.  Plaintiff wears a brace on his right knee and testified

that he should also wear a brace on his left knee but that he does not have an extra one.  AR 30.

22

23 Plaintiff's knees are generally fine when the weather is warm but they bother him when the weather

24 is cold or he moves in "the wrong direction."  AR 32. Plaintiff also experiences pain between his

25 wrist and left elbow and hearing loss. AR 26-27.  In terms of mental functioning, Plaintiff testified

that he has never received any type of mental health treatment. AR 28.

26

27

---

28 [2]      References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

When asked about his daily activities, Plaintiff testified that he lives with his wife and his cousins. AR 28.  He does not need help getting dressed or taking care of personal hygiene, but testified that he sometimes gets dizzy if he gets up too fast. AR 33. Plaintiff can squat and bend over provided he does so slowly.  AR 33-34.  In addition to mostly watching television all day, he attends church weekly and bible study occasionally.  AR 29.   He does not drive because his driver's license is expired and generally walks or takes public transportation to get around.  AR 29.

Thereafter, the ALJ asked VE Williams hypothetical questions based upon the medical record and the ALJ's subsequent RFC finding.  AR 34.  After asking the VE to contemplate an individual of the same age, education, and work background as Plaintiff, the VE determined that Plaintiff could perform work as it exists in the national economy.  AR 35-37.[3]

**Medical Record**

The entire medical record was reviewed by the Court. AR 286-537. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 9-15.  More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since February 1, 2009. AR 11.  The ALJ identified Plaintiff's degenerative joint disease as a severe impairment.  AR 11.  Nonetheless, the ALJ determined that the severity of Plaintiff's impairment did not meet or exceed any of the listed impairments. AR 11-12.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of medium work.  Although Plaintiff could not perform his past relevant work, the ALJ determined he remained able to perform other work existing in significant numbers in the economy. AR 14-15. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act.  AR 15.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this

---

[3]        Plaintiff does not challenge the sufficiency of the hypothetical questions posed to the vocational expert.

Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405 (g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commission must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 2002).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c (a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION

Plaintiff's sole argument is that the ALJ failed to provide clear and convincing reasons for discrediting his subjective symptom testimony.  (Doc. 19 at 6-12).  In response, the Commissioner asserts that the ALJ adequately articulated appropriate reasons for discrediting Plaintiff.  (Doc. 20 at 4-7).  A review of the record reveals the ALJ properly assessed Plaintiff's credibility.

///

4

**A.      Legal Standard**

In evaluating the credibility of a claimant's testimony regarding subjective complaints, an ALJ must engage in a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.*  The claimant is not required to show that his impairment "could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Id.* If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if he gives "specific, clear, and convincing reasons" for the rejection. *Id.*

The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

**B.      Analysis**

In finding that Plaintiff's subjective complaints were less than fully credible; the ALJ questioned Plaintiff's credibility because: 1) Plaintiff's symptoms improved with treatment; 2) his credibility was not supported by the objective medical evidence; 3) Plaintiff's failure to work was unrelated to his disability; and 4) Plaintiff's reported symptoms were inconsistent with the medical evidence.  The ALJ opined as follows:

> The claimant was born on May 5, 1955, has a GED, stands 5 feet and 9 inches tall, and weighs 200 pounds.  He identified arthritis throughout the body, hearing loss in the right ear, IBS, and GERD as the conditions that limited his ability to work, but admitted he stopped working for other reasons.  The claimant reported that he could perform very little physical exertion as a result of his impairments.

> After careful consideration, the undersigned finds that the medical evidence of record documents a history of treatment for claimant's medically determinable impairments but does not support his allegations regarding either the intensity and persistence of his symptoms or the extent of the resulting functional limitations.

5

The medical evidence of record shows the claimant has experienced intermittent chest wall pain of uncertain etiology and knee pain.  However, the objective evidence does not establish a plausible basis for this pain, and the treatment records show significant decline in the severity of his complaints with treatment.

AR 12-13.

…

I find the claimant's allegations not credible.  His MRI's and x-rays and the improvement documented in the treatment records contradict his allegations regarding the persistence and severity of his symptoms.

AR 14.

At the outset, the Court notes that Plaintiff makes no attempt to dispute the ALJ's findings that Plaintiff's unemployment was unrelated to his disability or the ALJ's finding that the medical evidence directly contradicted Plaintiff's subjective statements of his impairments. AR 12.  Because Plaintiff fails to discuss, or even acknowledge, the ALJ's other reasons for finding him not credible, he has waived any challenge to these remaining aspects of the ALJ's credibility finding.  *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (holding that claimant waived issues because he did not raise those issues before the district court); *Long v. Colvin*, 2014 WL 7382731 (C.D. Cal. Dec. 23, 2014) ("A reviewing federal court will only address the issues raised by the claimant in his appeal from the ALJ's decision.").  Nevertheless, even if Plaintiff had not waived his challenges to these credibility factors, the ALJ adequately supported his decision to discount Plaintiff's credibility for several reasons.

First, when considering a claimant's contention that he cannot work because of his impairments, it is appropriate for the ALJ to consider whether the claimant has not worked for reasons unrelated to his alleged disability. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (the fact that the claimant left his job because he was laid off, rather than because he was injured, was a clear and convincing reason to find him not credible).  Here, the ALJ cited Plaintiff's statements that he quit his last job because, after a job transfer, he was no longer able to go to work because of a lack of transportation. AR 12, 222. In addition, the ALJ questioned Plaintiff at the hearing about whether he could work despite his alleged impairments. Upon questioning, Plaintiff provided additional testimony casting further doubt on his allegations that his inability to work was related to his disability, as follows:

[ALJ]:                  Can you work now?

| | | |
|---|---|---|
| [PLAINTIFF]: | Well -- |
| [ALJ]: | Full-time? |
| [PLAINTIFF]: | --right now, it's kind of hard for me to get around to go anywhere. |
| [ALJ]: | Well, can you work full-time now, do you think? |
| [PLAINTIFF]: | I don't know if I could or not. |

AR 24.

The ALJ did not err in declining to credit Plaintiff's statement that he was unable to work due to his alleged disability when there was evidence that Plaintiff had voluntarily chosen not to work prior to his alleged disability onset date. *Harrelson v. Astrue*, 273 Fed. Appx. 632, 634 (9th Cir. 2008); *Drouin v. Sullivan*, 966 F.2d 1255, 1258-59 (9th Cir. 1992) (ALJ considered fact plaintiff lost past two jobs for causes unrelated to pain in credibility determination).  This was a clear and convincing reason to reject Plaintiff's subjective symptom testimony.

Had this been the only reason given, this alone would have been sufficient to support an adverse credibility determination. *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162 (9th Cir. 2008).  The Court, however, further concludes that the ALJ supported his credibility finding with additional clear and convincing reasons by referring to Plaintiff's improvement with conservative treatment and inconsistent statements about the severity of his symptoms.

In further supporting his credibility determination, the ALJ next found that Plaintiff's documented improvement throughout the treatment records undermined Plaintiff's credibility. AR 13, 414, 473.  This was an additional clear and convincing reason to discount Plaintiff's credibility. *See Tommasetti*, 533 F.3d at 1040 (ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication); *Warre v. Comm'r Soc. Sec. Admin*., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]").

The ALJ noted that despite complaints of chest pain, hearing loss, knee pain, and GERD in 2009-2012, treatment records on October 25, 2013 demonstrated that Plaintiff was "doing well" with respect to his "chest pain," "internal knee derangement and GERD."  AR 13.  Plaintiff was also prescribed hearing aids and the ALJ noted that "nothing in the evidence indicates that the claimant

would continue to have significant hearing loss with the hearing aids." AR 13. The ALJ acknowledged that in April 2014, Plaintiff "endorsed a history of IBS and GERD, but denied any [current] nausea, vomiting, abdominal distention or other gastrointestinal symptoms." AR 13. When Plaintiff complained of urinary incontinence in May 2014, the ALJ noted that he was prescribed Flomax which Plaintiff reported worked well for him. AR 13. Overall, the ALJ cited several examples throughout the record establishing that treatment effectively improved Plaintiff's symptoms. The ALJ's finding that Plaintiff's improvement with medication and treatment undercut Plaintiff's allegations of total disability was a legally sufficient basis to reject the extent of Plaintiff's symptom testimony. *See Neal v. Colvin*, No. 1:14-cv-01053-SKO, 2015 U.S. Dist. LEXIS 119385, 2015 WL 5232328, at **37-42 (E.D. Cal. Sep. 7, 2015) (the ALJ may consider effective treatment in weighing a claimant's credibility).

Lastly, the ALJ considered that Plaintiff's alleged limitations were inconsistent with objective medical evidence showing that Plaintiff had far greater functional capacity than he alleged. AR 13. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). As noted above, the ALJ opined that Plaintiff's medical records did not demonstrate the persistence and severity of Plaintiff's symptoms. In this regard, the ALJ explained that Dr. Wagner, the examining physician, performed a consultative internal evaluation in July 2013. AR 389-93. On examination, Plaintiff could rise from a seated position easily, walk to the examination room without assistance, wore a brace on the right knee, easily bent over to remove his shoes and socks, and sat comfortably. AR 13, 390. He could walk on his toes and heels and had normal station but favored his right knee while walking. AR 13, 390. Based on his examination, Dr. Wagner found that Plaintiff could perform medium work including that he could stand/walk up to 6 hours in an 8-hour workday, sit without limitation, lift/carry 50 pounds occasionally and 25 pounds frequently, frequently climb and crouch, and should wear a knee brace and use a cane for ambulating long distances. AR 393.

It was proper for the ALJ to consider that this objective medical evidence directly contradicted Plaintiff's subjective symptom testimony. *See* 20 C.F.R. §§ 404.1529 (c)(1) & 2 and 416.929(c)(1) & (2) (2013) (requiring consideration of medical history, medical signs and laboratory

findings, and objective medical evidence in evaluating the extent and impact of alleged pain); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ appropriately considers inconsistency with the evidence in rejecting a claimant's testimony); *Batson v. Comm'r*, 359 F.3d 1190, 1195-97 (9th Cir. 2004) (holding ALJ properly relied on objective medical evidence and medical opinions in determining credibility).

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence when concluding Plaintiff's subjective symptom testimony was not credible. The ALJ clearly identified what testimony he found lacked credibility and the corresponding evidence that undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d at 834. If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002).  Further, even if some of the reasons provided could be found inadequate, there are sufficient reasons provided to support the credibility determination. *See Batson*, 359 F.3d at 1197 (9th Cir. 2004).  Accordingly, the ALJ's credibility findings are free of reversible error.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy Berryhill, Acting Commissioner of Social Security and against Plaintiff, William Cox.


IT IS SO ORDERED.

Dated:   __**July 25, 2017**__          ___/s/ *Barbara A. McAuliffe*___
UNITED STATES MAGISTRATE JUDGE